UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | No. 3:11-CR-066-B (01) |
| | § | |
| GARY MACK JOHNSON, | § | |
| BOP Register No. 42943-177, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Gary Mack Johnson was convicted of Transporting and Shipping Child Pornography, in violation of 18 U.S.C. § 2252(a)(1), and he was sentenced to 210 months of imprisonment on November 17, 2011, to be followed by two years of supervised release. Johnson, now 63 years old and currently incarcerated at FCI Seagoville, is scheduled to be released on November 24, 2026.

On May 14, 2020, he filed a *pro se* Motion for Sentencing Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) [Dkt. No. 45], requesting compassionate release based on the COVID-19 pandemic. As ordered, *see* Dkt. No. 46, the government filed an expedited response, opposing release, *see* Dkt. No. 47.

The Court **DENIES** Johnson's motion for compassionate release for the following reasons.

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But, under Section 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see id.* at 693 n.1. The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

"Section 3582(c)(1)(A), at a minimum, expresses Congress's strong and distinct preference for the BOP to be the initial gatekeeper for inmates' compassionate release requests, in recognition of the fact that the BOP 'is frequently in the best position to assess, at least in the first instance, a defendant's conditions, the risk presented to the public by his release, and the adequacy of a release plan.'" *United States v. Jemal*, Cim. A. No. 15-570, 2020 WL 1701706, at *3 (E.D. Pa. Apr. 8, 2020) (citation omitted). And the statutory "exhaustion requirement is 'a glaring roadblock foreclosing compassionate release' where 'BOP has not had thirty days to consider [the defendant's] request to move for compassionate release on his behalf' or if 'there has been no adverse decision by BOP for [the defendant] to administratively exhaust within that time period.'" *United States v. Miller*, No. 2:17-cr-15-D (02), 2020 WL 2514887, at *2 (N.D. Tex. May 15, 2020) (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)); *see also United States v. Alam*, ___ F.3d ____, 2020 WL 2845694, at *2 (6th Cir. June 2, 2020) (concluding that the statute's exhaustion requirement is a "mandatory claim-processing rule[ that] bind[s] the courts only when properly asserted and not forfeited" and thus "does not deprive [a court] of subject-matter jurisdiction" (citation omitted)); *Valentine v. Collier*, 956 F.3d 797, 807 (5th Cir. 2020) (Higginson, J., concurring) ("Though [Section 3582(c)(1)(A)(i)] contains its own administrative exhaustion requirement, several courts have concluded that this requirement is not absolute and that it can be waived by the government or by the court, therefore justifying an exception in the unique circumstances of the COVID-19 pandemic." (collected cases omitted)).

Here, Johnson alleges that the warden denied his request for compassionate release on April 22, 2020. *See* Dkt. No. 45 at 2. According to Johnson, this denial prompted him to prepare an appeal, which he states was received by the BOP on May 1, 2020. *See id.* And Johnson has attached to his motion documentation that the BOP received a reduction in sentence request from him on May 1, 2020. *See id.* at 6 (further providing that the response is due May 21, 2020). But this request is not labeled as an appeal

of a decision to deny Johnson his requested reduction. *See id.* Regardless, even if the Court accepts that Johnson has appealed a denial, that appeal was pending when Johnson elected to file this motion. So, before requesting relief directly from the Court, he had not "*fully* exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf." 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

The Court further finds that Johnson has not alleged "a basis to excuse [his] failure to exhaust administrative remedies in the unique circumstances of the COVID-19 pandemic." *Miller*, 2020 WL 2514887, at *2 (citing *Raia*, 954 F.3d at 597 ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." (citations omitted)); *United States v. Gross*, ___ F. Supp. 3d ___, No. 15-cr-769 (AJN), 2020 WL 1673244, at *2 (S.D.N.Y. Apr. 6, 2020) ("[T]he statute includes an exhaustion requirement in recognition of the fact that 'BOP is frequently in the best position to assess, at least in the first instance, a defendant's conditions, the risk presented to the public by his release, and the adequacy of a release plan.'" (citation omitted))).

He does allege that he suffers from Scleroderma, a recognized autoimmune disease, and that complications from—and medications used to treat—this condition, along with chronic kidney disease, make him more susceptible should he contract the virus. *See* Dkt. No. 45 at 3-4. But, even if he has fully exhausted all remedies within the BOP, these allegations do not carry Johnson's burden to show that, considering the Section 3553(a) factors and applicable policy statements issued by the Sentencing Commission, extraordinary and compelling reasons warrant the reduction he seeks.

The policy statement applicable to compassionate release—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, No.

4:09-CR-0199-1, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing U.S.S.G. § 1B1.13(1)(A) & cmt. n.1). The circumstance applicable here is whether Johnson is "suffering from a serious physical or medical condition ... that substantially diminishes [his] ability ... to provide self-care within the environment of a correctional facility and from which he ... is not expected to recover." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A). And, applying this standard, some courts have found that a particular prisoner's compromised health in light of a substantial likelihood that, should he contract COVID-19, he may not recover warranted a reduction under the compassionate release statute. *See, e.g., United States v. Lee*, No. 3:07-cr-289-M-2, Dkt. No. 1950 at 8 (N.D. Tex. Apr. 23, 2020) ("Lee's older age [54] and, moreover, his preexisting medical conditions—asthma, bronchitis, and hypertension—and his recent hospitalization for breathing complications, combined with the rapid spread of COVID-19 at FCI Oakdale, persuade the Court that he 'presents an extraordinary and compelling reason for compassionate release and that such release is consistent with applicable policy considerations.'").

But, using its discretion to apply the applicable policy statement,[1] the Court cannot find that Johnson has provided sufficient grounds for compassionate release. The Court does not discount that Scleroderma is an autoimmune disease. Nor does the Court discount that being confined in a prison makes

---

[1] Section 1B1.13 has not been amended since the First Step Act expanded who may move for compassionate release under Section 3582(c)(1)(A). This fact and that the Sentencing Guidelines are no longer mandatory have caused several district courts in this circuit to not consider themselves bound by Section 1B1.13 and to apply this policy statement within their discretion. *See, e.g., United States v. Gonzales*, No. SA-05-CE-561-XR, 2019 WL 5102742, at *2-*3 (W.D. Tex. Oct. 10, 2019); *see also United States v. Perdigao*, Crim. A. No. 07-103, 2020 WL 1672322, at *2 (E.D. La. Apr. 2, 2020) ("[O]ther district courts have found that they have discretion to determine what constitutes an 'extraordinary and compelling reason[ ]' on a case by case basis, and reliance on the policy statement may be helpful, but not dispositive. Accordingly, the Court will consider whether Perdigao has presented the Court with evidence that 'extraordinary and compelling reasons' warrant compassionate release and that he does not pose a danger to any other person of the community, all in light of the Section 3553(a) factors." (citations omitted)).

it more difficult for Johnson—or any prisoner—to take all precautions health officials may recommend to mitigate the spread of COVID-19.

But Johnson has failed to provide the Court any medical records (particularly recent ones) to establish how immunocompromised he may be, which would have allowed the Court to assess his current ability to provide self-care. *Cf. United States v. Woodson*, No. 18-cr-845 (PKC), 2020 WL 2114770, at *2-*3 (S.D.N.Y. May 4, 2020) (concluding that a defendant who, "at age 57 and with [asthma and hypertension, established by recent medical records] is at elevated risk of serious illness or death if he were to be infected by the COVID-19 virus"). As the Court has held, it "must consider every prisoner individually and should be cautious about making blanket pronouncements that categories of prisoners—for example, all those who have [Scleroderma]—warrant compassionate release, even given the unique circumstances of the COVID-19 pandemic." *United States v. Delgado*, No. 3:17-cr-242-B, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020); *see also United States v. Mun*, No. 3:19-cr-86-S, 2020 WL 3038083, at *2 (N.D. Tex. June 4, 2020) ("Mun may be 65 years old, but he provides no health records demonstrating that he is especially at risk. And, even if the Court had recent health records confirming that Mun's underlying conditions cause him to be at an elevated risk of harm if he were to contract the virus[,] there is no evidence that the virus has spread widely at FCI Seagoville, and Mun has provided 'no evidence that the safety measures the BOP has implemented at FCI Seagoville are ineffective at protecting against the spread of COVID-19. [A movant's] general concern that he may contract COVID-19 while incarcerated, while understandable, does not warrant release.'" (citations and footnotes omitted)).

Nor is the Court persuaded that the applicable Section 3553(a) factors would support Johnson's request for compassionate release given the seriousness of his offense and that the Court sentenced him to the low end of the advisory Guidelines.

For all these reasons, Defendant Gary Mack Johnson's *pro se* Motion for Sentencing Reduction Pursuant

to 18 U.S.C. § 3582(c)(1)(A) [Dkt. No. 45] is **DENIED**.

SO ORDERED.

DATED: JUNE 12, 2020.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE